13-213-cv
Schlafman v. State University of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> CHESTER J. STRAUB,
> > <u>Circuit Judges</u>,
> WILLIAM F. KUNTZ, II,[*]
> > <u>District Judge</u>.

_____

DAVID E. SCHLAFMAN,
> <u>Plaintiff-Appellant</u>,

v.                                    13-213

STATE UNIVERSITY OF NEW YORK,
FARMINGDALE,
> <u>Defendant</u>,

_____

[*]    Judge William F. Kuntz, II, of the United States District Court for the Eastern District of New York, sitting by designation.

**L. ROBERT KING, JONATHAN GILBRALTER, FRANK PELLEGRINI, VICTOR BELLARD, VENKITASWANY RAJU, LAMARR STANFORD, ROBERT TEMME, MICHAEL SHEPHERD, MARVIN FISCHER, W. HUBERT KEEN, BARRY CAPELLA,**

                    **Defendants-Appellees.**

_____

**FOR PLAINTIFF-APPELLANT:**       David E. Schlafman, <u>pro se</u>, Okeechobee, FL.

**FOR DEFENDANTS-APPELLEES:**     Patrick J. Walsh, New York State Office of the Attorney General, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Appellant David E. Schlafman, <u>pro se</u>, appeals from an order denying his Federal Rule of Civil Procedure 60(b) motion for relief from the district court's judgment dismissing his First Amendment claim of employment retaliation under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court decision granting or denying a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b) for abuse of discretion. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011). "A court abuses it[s] discretion when (1) its decision rests an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." Id. (citing Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001)). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)).

The standard for granting motions pursuant to Rule 60(b) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to

reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id. Such a motion "must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).

As an initial matter, the Rule 60(b) motion was timely filed in the district court because it was filed on August 29, 2012, within one year from the entry of judgment on August 31, 2011.  However, an independent review of the record and relevant case law confirms that the district court properly denied Schlafman's Rule 60(b) motion, and we affirm for substantially the same reasons stated by the district court in its December 10, 2012 decision.

First, Schlafman's assertion of alleged mistakes by the district court regarding its specific findings of fact is an impermissible attempt to relitigate the merits of the underlying judgment, the appeal of which this Court has already dismissed as frivolous.  Similarly, Schlafman's claim that defense counsel improperly called witnesses to testify that Schlafman had been disruptive is also a thinly-veiled attempt to relitigate factual issues decided by the

4

district court in granting the motion for judgment as a matter of law.

With respect to Schlafman's claims that the district court erred by declining to admit certain evidence or allow testimony from all of his prospective witnesses, by permitting the confiscation of his cell phone, and by allowing counsel to withdraw, Schlafman has failed to demonstrate that those rulings rested on any legal errors or were wrong - much less that they were abuses of the district court's broad discretion.

Lastly, Schlafman claims that defense counsel engaged in misconduct warranting vacatur of the judgment under Rule 60(b)(3). Relief under Rule 60(b)(3) is "cannot be granted absent clear and convincing evidence of material misrepresentations" or other misconduct. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). First, Schlafman claims that defense counsel attempted to intimidate prospective witnesses by visiting the Flightline building. Schlafman presents no evidence – let alone clear and convincing evidence - supporting this charge or his other vague charges of witness intimidation. Finally, Schlafman claims that defense counsel made fraudulent

5

statements of law and fact during trial that had a prejudicial bearing on its outcome.  These claims of fraud are, again, thinly-veiled attempts to relitigate the district court's evidentiary rulings and factual issues underlying the merits.  Moreover, Schlafman fails to demonstrate by clear and convincing evidence that any material misrepresentations were made.

   Having reviewed the parties' arguments and the record, we find that the district court did not abuse its considerable discretion in denying Schlafman's Rule 60(b) motion.  Accordingly, we **AFFIRM** the order of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK